# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>CHRISTOPHER N. WILKINS,<br><br>        Defendant. | Case No. 14-CR-88-JPS<br><br><br>ORDER |

1.  BACKGROUND

  Defendant Christopher N. Wilkins ("Wilkins") has been charged with the federal crime of being a felon in possession of a firearm. (Docket #1). Through counsel, Wilkins moves to suppress various evidence seized by City of Milwaukee police officers in the course of the officers' encounter with Wilkins in a strip mall parking lot on February 16, 2014. (Docket #12). In this connection, Wilkins requests an evidentiary hearing. (*Id.*). The government's response asks this Court to deny both Wilkins' request for an evidentiary hearing and his motion to suppress. (Docket #13).

  Under Criminal Local Rule 12(c), a request for an evidentiary hearing on a motion must "…provide a description of the material disputed facts that the movant claims require an evidentiary hearing." Moreover, such a description must be provided to the court "after a conference with the non-movant" to discuss the facts that the movant contends are both material and genuinely disputed. *Id.* Here, nothing in the parties' submissions suggests that the requisite conference occurred. *See* (Docket #12, #13 and #14). On that basis alone, Wilkins' motion for an evidentiary hearing should be denied. However, the government has proposed a set of key facts based on the

relevant officers' police reports, (Docket #13 at 2-3); (Docket #13-1), and Wilkins has had ample opportunity to clarify his positions (Docket #14).

Therefore, the Court will first summarize the facts proposed by the government and then analyze the discrete issues Wilkins raises in reply to the government's proposed facts.

2. FACTS PROPOSED BY THE GOVERNMENT

On February 16, 2014, two officers of the Milwaukee Police Department observed an individual (later identified as Wilkins) sitting alone for several minutes in a vehicle parked at 5855 West Silver Spring Drive in Milwaukee, Wisconsin. (Docket #13 at 2).[1] Knowing that location to be a high drug activity area, the officers (sitting in their squad car) observed Wilkins empty the contents of a plastic baggie onto the ground outside Wilkins' vehicle—a practice the officers knew to be common when an individual makes a marijuana blunt (*Id.*). In addition, the officers observed Wilkins discard a cigarette onto the ground outside of his vehicle. (*Id.*).

Against that backdrop, the officers exited their squad car, approached Wilkins' vehicle and identified themselves as police. (*Id*). Next, Wilkins closed his drivers's-side door. (*Id.*). The officers smelled marijuana coming from Wilkins' vehicle and observed Wilkins reaching and leaning toward the center console of his vehicle. (*Id.*). At the officers' request, Wilkins exited the car. (*Id.*). When one of the officers initiated a search of the center console of Wilkins' car, Wilkins attempted to flee. (*Id.*). The officer's search of Wilkins' center console revealed: (i) a loaded handgun; and (ii) approximately 6.8

---

[1] The officers' respective reports describe Wilkins' inactivity as "loitering." (Docket #13-1 at 2 and 5).

grams of marijuana divided into twelve packets associated with street-level distribution. (Docket #13 at 2).

3. ANALYSIS

   3.1 Wilkins' Motion For Evidentiary Hearing

Wilkins has the burden of establishing the necessity of an evidentiary hearing. *U.S. v. Rodriguez*, 69 F.3d 136, 141 (7th Cir. 1995) (citations omitted). To carry his burden, Wilkins must: (i) present "definite, specific, detailed and nonconjectural facts"; and (ii) demonstrate that there is a disputed material issue of fact. *Id* (citations and internal quotations omitted).

In reply to the government's proposed facts (summarized *supra* in Section Two), Wilkins: (i) summarily concludes that the officers' perception that he was loitering "is a disputed issue that seems a matter requiring the receipt of the officers' testimony"; and (ii) rhetorically asks whether he was seized by the officers *prior to* the officers' observations of Wilkins littering. (Docket #14).

Summary conclusions and rhetorical questions plainly fail to satisfy the burdens described in *Rodriguez*. Therefore, the Court finds no need for an evidentiary hearing on Wilkins' motion to suppress.

   3.2 Wilkins' Motion To Suppress

> A law enforcement officer can execute "an investigatory stop when the officer has reasonable suspicion that a crime may be afoot." *United States v. Hampton*, 585 F.3d 1033, 1038 (7th Cir. 2009). In order to conduct an "investigatory stop" consistent with *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), "an officer must be 'aware of specific and articulable facts giving rise to reasonable suspicion'" that there may be criminal activity occurring. *Jewett v. Anders*, 521 F.3d 818, 823–25 (7th Cir. 2008) (quoting in part United States v. Tilmon, 19 F.3d 1221, 1224 (7th Cir. 1994)).

*Gentry v. Sevier*, 597 F.3d 838, 845 (7th Cir. 2010).

Notably, "[d]etermining whether an officer had a reasonable suspicion is assessed considering the 'totality of the circumstances,' and 'common-sensical judgments and inferences about human behavior.'" *Id.* (citations omitted).

Here, the government submits that the officers exited their squad car, approached Wilkins' vehicle, and identified themselves as police based on their observations (from their squad car) that: (i) Wilkins was sitting alone for several minutes in a vehicle parked in a high drug activity area; (ii) Wilkins emptied the contents of a plastic baggie onto the ground outside Wilkins' vehicle—a practice the officers knew to be common when an individual makes a marijuana blunt; and (iii) Wilkins discarded a cigarette onto the ground outside of his vehicle. Section Two, *supra*. Among those observations, Wilkins focuses exclusively on whether his inactivity in a parked car constitutes the crime of loitering. (Docket #14 at 1). But *Gentry* makes clear that the relevant analysis assesses the totality of the circumstances. Against the foregoing backdrop, the Court finds that the officers had reasonable suspicion to make a *Terry* stop.[2]

With regard to Wilkins' rhetorical question—whether he was seized by the officers *prior to* the officers' observations of Wilkins littering—the Court finds this argument to be without merit because Wilkins offers no definite, specific, detailed, and nonconjectural facts from which his seizure

---

[2] The Court need not decide whether the officers' approach to Wilkins' vehicle *after* making their observations actually constituted an investigatory stop. *See generally*, *U.S. v. Douglass*, 467 F.3d 621, 623-624 (7th Cir. 2006) ("The Fourth Amendment is not triggered when law enforcement officers merely approach an individual in a public place and ask a few questions.") (citations omitted). Rather, the Court assumes such *arguendo*.

by the officers *prior to* their observations of Wilkins' littering might reasonably be inferred.

With the benefit of the foregoing analysis, the Court is obliged to deny Wilkins' motion to suppress.

Accordingly,

IT IS ORDERED that the defendant's motion for an evidentiary hearing (Docket #12) be and the same hereby is DENIED; and

IT IS FURTHER ORDERED that the defendant's motion to suppress evidence (Docket #12) be and the same hereby is DENIED.

Dated at Milwaukee, Wisconsin, this 14th day of May, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge